**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4044**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

RODERICK LAMAR WILLIAMS, a/k/a Rox,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.  Richard L. Voorhees,
District Judge.  (5:03-cr-00004-8)

———————

Submitted:  March 7, 2007            Decided:  April 17, 2007

———————

Before WILLIAMS, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James B. Craven, III, Durham, North Carolina, for Appellant.
Gretchen C. F. Shappert, United States Attorney, Charlotte, North
Carolina, Amy E. Ray, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roderick Lamar Williams appeals his conviction by jury and sentence on charges of conspiracy to possess with intent to distribute at least five kilograms of cocaine and at least fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute at least 500 grams of cocaine and aiding and abetting that possession, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Six); and two counts of possession of a firearm during and in relation to a drug trafficking crime and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Counts Seven and Nine). The district court sentenced Williams to life imprisonment on Counts One and Six, to be served concurrently, and to consecutive terms of sixty months' imprisonment on Count Seven, and 300 months' imprisonment on Count Nine, for a total term of imprisonment of life plus 360 months. The district court also sentenced Williams to a ten-year term of supervised release on Count One, an eight-year term of supervised release on Count Six, and five-year terms of supervised release on each of Counts Seven and Nine, all such terms to be served concurrently, and ordered payment of a $400 special statutory assessment. On appeal, Williams contends that the judge's application during sentencing of the murder cross-reference for complicity in an uncharged murder, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(d) (2004), violated his right to

- 2 -

a jury trial.[1]  He also challenges generally the sufficiency of the evidence to support his conviction.[2]

This court reviews the imposition of a sentence for reasonableness.  United States v. Booker, 543 U.S. 220, 260-61 (2005); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005).  After Booker, courts must calculate the appropriate guideline range, making any appropriate factual findings.  United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006).  The court then should consider the resulting advisory guideline range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and determine an appropriate sentence that is "sufficient, but not greater than necessary," to achieve the goals of § 3553(a).  Davenport, 445 F.3d at 370.  If a court imposes a sentence outside the guideline range, the district court must state its reasons for doing so.  Hughes, 401 F.3d at 546.

Here, Williams contends that his sentence is unlawful because the district court made findings that increased his sentence beyond what it would be based only on facts found by the jury.  He objects to the enhancement because no evidence was

---

[1]USSG § 2D1.1(d) provides that the offense level set forth in USSG § 2A1.1(a) is to be used "[i]f the victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States."

[2]Because Williams is represented by counsel on appeal, we decline to review the numerous issues Williams seeks to raise pro se, except for those asserted by counsel.

presented at trial relative to the enhancement and the murder was not charged in the indictment in his present case, nor had he been tried on the murder in any other case, as of the date of his sentencing. However, this general argument was rejected in Booker. After Booker, the sentencing court is authorized to make factual findings in order to appropriately determine the defendant's advisory range under the guidelines. See Davenport, 445 F.3d at 370; see also United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998) (holding that a sentencing court may enhance defendant's sentence based on its findings of conduct by a preponderance of the evidence, even where jury acquitted defendant of that conduct). Under our now advisory sentencing guidelines, these authorized factual findings would include a finding as to whether "a victim was killed under circumstances that would constitute murder under 18 U.S.C.A. § 1111" which would call for application of the murder guideline, USSG § 2A1.1 (First Degree Murder). See USSG § 2D1.1(d)(1).

We specifically find that the evidence presented at the sentencing hearing supported the district court's conclusion, by a preponderance of the evidence, that Williams was involved in the drug-related homicide of Houston, a confidential government informant. Agent David Ramsey testified that Houston, who was cooperating in an investigation into drug trafficking, was murdered in January 2003, following Williams' indictment on drug conspiracy

charges. Following the trial at which Williams and Morrison, a co-conspirator, were convicted, Morrison told Agent Ramsey that Williams offered to pay him $10,000 to kill Houston. Agent Ramsey further testified that Morrison related specific conversations during which Williams warned Houston that he would kill him if he learned that Houston had informed on him and discussed with Morrison the possibilities of killing Houston. Morrison also told Agent Ramsey that he ultimately agreed to kill Houston and that he went with Williams to Houston's house with the intention of killing Houston, but Morrison was unable to go through with the murder. Morrison told Agent Ramsey that Williams later told him that Williams had offered another person $5000 to do the killing but that Williams finally decided that "he would handle the situation himself." Agent Ramsey further testified that during Williams' and Morrison's trial, Williams described in more detail to Morrison the murder of Houston and admitted shooting Houston.

The Government also presented testimony of two other witnesses that support the conclusion that Williams murdered Houston. One witness housed with Williams in jail in 2003 related that Williams had confessed to him that Williams had murdered Houston, and further attested that Williams had provided him with details regarding the murder. Another witness testified that Williams had confessed to having killed a "snitch."

This evidence fully supports the district court's determination, by a preponderance of the evidence, that "a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111," and therefore we find that the district court properly applied the murder guideline, USSG § 2A1.1. See USSG § 2D1.1(d)(1). Because the district court adequately explained the basis for its sentencing decision and considered Williams' arguments and the § 3553(a) factors, as well as the cross-reference for murder enhancement, and because the sentence was within the properly calculated advisory guidelines range, we find that the resulting sentence is reasonable. See United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006), petition for cert. filed, ___ U.S.L.W. ___ (U.S. July 21, 2006) (No. 06-5439); United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

In addition, we have reviewed Williams' sufficiency of the evidence claim, and conclude that the claim is without merit. In evaluating the sufficiency of the evidence supporting a criminal conviction on direct review, "[t]he verdict of the jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is evidence "that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a

reasonable doubt." United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005), cert. denied, 126 S. Ct. 1925 (2006) (internal quotation and citation omitted). We consider circumstantial and direct evidence, and allow the Government the benefit of all reasonable inferences from the facts proven to those sought to be established. Id. at 858; United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). In resolving issues of substantial evidence, we do not weigh evidence or review witness credibility. United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). Rather, it is the role of the factfinder to judge the credibility of witnesses, resolve conflicts in testimony, and weigh the evidence. United States v. Manbeck, 744 F.2d 360, 392 (4th Cir. 1984).

Ample evidence was presented at trial in this case to support the jury's findings that Williams was involved with others in an established conspiracy to possess with intent to distribute significant amounts of cocaine and cocaine base, that he possessed firearms during and in relation to drug trafficking crimes, and that he aided and abetted the same. Several witnesses, including co-conspirators and Government agents, attested to Williams' trips out-of-state and out-of-the-country with others to purchase large amounts of cocaine and cocaine base and transport it back to North Carolina where it was prepared, packaged, and distributed. Williams was identified as a member of "The Cream Team," an established narcotics trafficking organization operating in and out

of North Carolina.  A number of such witnesses also testified that Williams often carried a firearm on or immediately near his person while he conducted drug trafficking transactions.  The evidence introduced at the trial of this matter clearly supports the jury's determinations with regard to the offenses charged, and we reject Williams' claim that the evidence was insufficient.  See Burgos, 94 F.3d at 857.

Accordingly, we affirm Williams' conviction and sentence. We further deny Williams' motion for writ of mandamus, as well as his motions to proceed pro se on appeal, to relieve his attorney from representation, to file pro se briefs, supplemental and oversized pro se briefs, supplemental and oversized appendix, and pro se reply brief.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED